IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TROY K. SCHEFFLER,

                                                    ORDER
                         Petitioner,

                                                    08-cv-622-bbc
           v.

COUNTY OF DUNN,

                         Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  This is a proposed civil action for monetary relief.  Petitioner Troy K. Scheffler, a resident of Coon Rapids, Minnesota, seeks leave to proceed without prepayment of fees and costs or providing security for such fees and costs, pursuant to 28 U.S.C. § 1915.  From the affidavit of indigency accompanying petitioner's proposed complaint, I conclude that petitioner is unable to prepay the fees and costs of instituting this lawsuit.

  In addressing any pro se litigant's complaint, the court must construe the complaint liberally, Haines v. Kerner, 404 U.S. 519, 521 (1972), and the court will grant leave to proceed if there is an arguable basis for a claim in fact or law, Neitzke v. Williams, 490 U.S. 319 (1989).  However, pursuant to 28 U.S.C. § 1915(e)(2), if a litigant is requesting leave to proceed in forma pauperis, the court must deny leave to proceed if the action is frivolous

1

or malicious, fails to state a claim upon which relief may be granted or seeks money damages from a defendant who is immune to such relief.  I conclude that petitioner has an arguable basis for a state law access to records claim against the respondent County of Dunn. However, petitioner has failed to provide proper allegations regarding his citizenship for diversity jurisdiction purposes.  Therefore, before petitioner is granted leave to proceed on his access to records claim, he must file an affidavit establishing the state of his domicile.

In his complaint petitioner alleges the following facts.

ALLEGATIONS OF FACT

On July 1, 2008, petitioner made a timely open records request to Sergeant Greg Moen of the Dunn County Sheriff's Department for "booking footage from their camera system" taken on June 5, 2008, when he had been arrested twice by the Menomonie Police Department.  Moen assured petitioner that  he would pull the video tapes and call petitioner back that evening.  Because petitioner did not hear back from Moen, petitioner called Moen the next day and left him a message.

On July 3, 2008, petitioner went to the Dunn County jail and was assured that he would receive the tapes within the 30-day period before they were purged.  On July 30, 2008, Moen left a voice mail message saying that the county's corporate counsel wanted him to submit a written request.  On August 6, 2008, Moen left petitioner a voice mail message

saying that he should fax the records disclosure request to Jail Administrator Barb Reid. Petitioner complied with this request.  On August 12, 2008, petitioner was informed in writing that the tapes had been destroyed.  Petitioner then telephoned Moen, who told him he would not be getting the tapes.

OPINION

Petitioner brings this action pursuant to 28 U.S.C. § 1332.  Under § 1332(a)(1), jurisdiction exists only if there is complete diversity of citizenship between petitioner and respondent and the amount in controversy exceeds $75,000.  Because the plaintiff is the master of his complaint, Garbie v. DaimlerChrysler Corp., 211 F.3d 407, 410 (7th Cir. 2000), "[w]hen the complaint includes a number, it controls unless recovering that amount would be legally impossible," Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 815 (7th Cir. 2006).

Regarding diversity of citizenship, a political subdivision of a state, such as a county, is a citizen of the state for diversity purposes.  Indiana Port Commission v. Bethlehem Steel Corp., 702 F.2d 107, 109 (7th Cir. 1983).  With respect to individual persons, the court examines the citizenship, not the residency, of individual persons for diversity purposes. An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which []he has the intention of

3

returning whenever []he is absent therefrom." Charles Alan Wright, Law of Federal Courts 161 (5th ed. 1994); see also Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). A person has only one domicile, but may have several residences. Steigleder v. McQuesten, 198 U.S. 141 (1905) (distinguishing between residency and citizenship).

Petitioner requests $120,000 in damages, which exceeds $75,000. It does not appear from the complaint that it would be legally impossible for petitioner to recover $120,000. The relevant statute permits actual and punitive damages. Wis. Stat. § 19.37(2) & (3). Further, petitioner alleges that respondent County of Dunn is a county within the boundaries of the state of Wisconsin, which provides the citizenship of respondent County of Dunn. However, petitioner fails to provide his own citizenship because he merely alleges that he *resides* in Coon Rapids, Minnesota. Although I assume that petitioner is a citizen of Minnesota, jurisdiction cannot be based on an assumption. Therefore, petitioner must file an affidavit with the court to affirm that Minnesota is in fact his domicile.

Assuming, for the time being, that diversity jurisdiction exists, petitioner's claim appears to arise under Wisconsin's access to records statute, Wis. Stat. § 19.35. State law provides for access to records, including video tape records, kept by a local governmental unit. Wis. Stat. §§ 19.32(1de) & 19.35(1)(d). If an authority withholds a record after a written request for disclosure is made, the requester may bring an action for mandamus asking a court to order release of the record or may request in writing that the district

4

attorney of the county where the record is found or the attorney general to bring such an action. Wis. Stat. § 19.37. The statute allows for damages in the amount of not less than $100 and other actual costs as well as punitive damages if the denial was arbitrary and capricious. Wis. Stat. § 19.37(2) & (3).

Petitioner has alleged that his request for a video tape record of two of his arrests was denied by the Dunn County Sheriff's Department in an effort to hide the illegality of the arrests. Therefore, petitioner has stated a state law access to records claim against the respondent County of Dunn.

5

ORDER

IT IS ORDERED that petitioner Troy Scheffler has until November 21, 2008, to file an affidavit with this court that establishes his domicile.  If petitioner fails to file such an affidavit by November 21, 2008, or his affidavit reveals that he is domiciled in Wisconsin, this case will be dismissed for lack of jurisdiction.  If petitioner timely files the proper affidavit, this court will issue an order granting him leave to proceed in forma pauperis on his access to records claim against respondent County of Dunn.

Entered this 10th day of November, 2008.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

6