IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TROY K. SCHEFFLER,

                    Plaintiff,

v.

COUNTY OF DUNN,

                    Defendant.

ORDER

08-cv-622-bbc

---

Plaintiff Troy K. Scheffler is proceeding in this diversity action against Dunn County, alleging that the Dunn County Sheriff's Department failed to comply with Wisconsin's open records laws, Wis. Stat. §§ 19.21-19.39. Plaintiff is seeking damages for the exacerbation of his medical condition and present and future lost wages. Now before the court is defendant's motion to compel plaintiff to produce responses to the Request for Production of Documents ##5, 6, 7, 8 and 9. Plaintiff did not respond to this motion.

In request #5, defendant asks plaintiff to complete and sign an authorization for the release of medical information for each of his health care providers. Plaintiff objects to the relevance of this request. In his complaint, plaintiff claims that because of the actions of defendant, his anxiety has been severely exacerbated. Because he has put his psychological state at issue, his medical records are not privileged under Wisconsin law. Wis. Stat. § 905.04(4)(c). This court will not force plaintiff to sign any medical release, but if plaintiff is unwilling to sign this limited release, then this decision likely will result in dismissal of his claim concerning his emotional distress damages.

In Request #6, defendant asks plaintiff to sign authorizations releasing his employment records for the past seven years. Plaintiff responded saying that he would later supply defendant

with certified statements concerning "loss of earning capacity." Plaintiff's employment records are relevant to his claim for lost wages. However, because plaintiff's claim arose in 2008, the request for employment records for the past seven years overreaches. I will allow plaintiff to limit the authorization for the release of his employment records to the years 2005 to the present and will grant defendant's motion to compel him to sign this amended release. If he does not do so, his claim for lost wages may be dismissed.

In Request #7, defendant requests plaintiff to sign the authorizations releasing his income tax returns for the past seven years. Plaintiff objects, stating that this information is not necessary. I agree with defendant that plaintiff's tax returns may lead to admissible evidence because the amount of income that plaintiff made in the past is relevant to his claim for loss wages. However, as I stated above, I think the relevant years would be 2005 to the present. Therefore, I will grant defendant's motion to compel plaintiff to produce his tax returns for the years 2005 to the present. If plaintiff does not sign the amended release, his claim for lost wages may be dismissed.

In Requests ## 8and 9, defendant requests copies of plaintiff's driver's license and social security card, respectively, in order to obtain his tax returns. I will compel plaintiff to produce these requested documents.

ORDER

IT IS ORDERED that plaintiff's motion to compel, dkt. #12, is PARTIALLY GRANTED, except that requests ##6 and 7 are limited to years 2005 to the present. Plaintiff shall provide this information to the defendant no later than May 20, 2009. Failure to comply with this order may result in dismissal of his claims for damages.

Entered this 6th day of May, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge