IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TROY K. SCHEFFLER,

                                                                   ORDER

                 Plaintiff,

                                                               08-cv-622-bbc

    v.

COUNTY OF DUNN,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Troy Scheffler, a resident of Coon Rapids, Minnesota, is proceeding on his state law access to records claim against defendant Dunn County. Defendant filed a motion for partial summary judgment on June 29, 2009. Plaintiff filed a brief in opposition to defendant's motion on July 30, 2009.

      Now before the court is plaintiff's motion to strike his brief in opposition to defendant's motion for partial summary judgment and for an extension to file a complete brief in opposition. Dkt. #37. Plaintiff argues that he was confused as to what a "Brief in Opposition" should include and when it should be filed. However, plaintiff has been informed of this court's procedures concerning summary judgment on two occasions.

      The February 10, 2009 Preliminary Pretrial Conference Order issued by Magistrate

1

Judge Stephen L. Crocker warns the parties to read the whole order when it is received, describes motions for summary judgment and refers the parties to Fed. R. Civ. P. 56 and to the attached "Procedure Governing Summary Judgment." Dkt. #10. The order advises pro se plaintiffs to read the procedure now and warns that they will not get an extension of the 30-day deadline to file a response to a summary judgment motion. The order states as follows:

> **The only way to make sure that the court will consider your documents is to start early, do them right the first time, and file them and serve them on time. If you do not do things the way it says in Rule 56 and in the court's written summary judgment procedure, then the court will not consider your documents.**

The "Procedure To Be Followed on Summary Judgment" at Section II, Response to Motion for Summary Judgment, lists the specific items to be included in a response to a motion for summary judgment, including a brief in opposition, a response to the moving party's proposed findings of fact, additional proposed findings of fact and evidentiary materials. The court gives examples of how a plaintiff can respond to the moving party's proposed findings of fact. Section III, Reply By Moving Party, states what the moving party needs to include in its reply brief. The procedure also provides a chart showing which documents are to be filed by which deadline.

Also attached to the order are documents entitled "Helpful Tips For Filing A

2

Summary Judgment Motion In Cases Assigned to Judge Barbara B. Crabb" and "Memorandum to Pro Se Litigants Regarding Summary Judgment Motions In Cases Assigned to Judge Crabb." These attachments gives specific examples and explanations of the court's procedures. For example, tip number three states that "[y]our brief is the place to make your legal argument, not to restate facts." Also, the pro se memorandum addresses how to avoid the problem where a pro se plaintiff does not answer the defendant's proposed facts correctly. The purpose of the Preliminary Pretrial Conference Order and attachments is to explain to litigants who are representing themselves how to respond to a motion for summary judgment filed by defendant.

These same attachments were provided to plaintiff a second time on June 30, 2009, when he was sent the briefing schedule after defendant filed its motion for partial summary judgment. Those attachments included a chart showing which documents were to be filed by which party by which deadline.

Plaintiff's argument that he was confused as to what he was to submit as a response to defendant's motion for summary judgment is not believable. Instead, it appears that he merely failed to read the specific instructions as to what he was to file and by what date. Further, he was advised almost six months ago that if he did not follow these procedures, his documents would not be considered. This is not a situation in which plaintiff tried to follow the court's procedures and made some mistakes that are easily rectified. Plaintiff's

3

submission demonstrates a complete disregard for compliance with the court's procedures. Therefore, I am denying plaintiff's motion to strike his brief in opposition and for an extension of time to file a complete brief.

ORDER

IT IS ORDERED that plaintiff's motion to strike brief in opposition and for an extension to file a complete brief, dkt. #37, is DENIED.

Entered this 31st day of July, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge