IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TROY K. SCHEFFLER,

                                                                  OPINION AND ORDER

                  Plaintiff,

                                                                  08-cv-622-bbc

     v.

COUNTY OF DUNN,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiff Troy K. Scheffler is proceeding in forma pauperis on his claim that defendant County of Dunn violated Wisconsin's open records laws, Wis. Stat. §§ 19.21-19.39, by failing to provide plaintiff with a copy of the video recording from his time in the Dunn County jail on June 5, 2008. This case is before the court on defendant's motion for partial summary judgment. Jurisdiction is present. 28 U.S.C. § 1332.

       Defendant contends that regardless whether it violated Wisconsin's open records laws, plaintiff cannot recover actual or punitive damages because its violation was not willful or intentional and it did not act arbitrarily and capriciously as required under Wis. Stat. §§ 19.37(2)(b) & (3). Defendant's motion will be denied because I conclude that a reasonable jury could find that plaintiff is entitled to actual and punitive damages.

1

I note that plaintiff filed a motion seeking leave to file a sur-reply. Dkt. #57. His motion will be denied. Defendant did not raise any new issues in its reply brief that had not been raised in its initial brief, which means that a sur-reply is not necessary. Further, plaintiff has defeated defendant's motion without the material in his sur-reply.

From the facts proposed by the parties, I find that the following facts are material and undisputed.

## UNDISPUTED FACTS

### A. Parties

Plaintiff Troy Scheffler is a citizen of Minnesota, living in Coon Rapids, Minnesota. Defendant County of Dunn is a political subdivision of the state of Wisconsin and thus, a citizen of Wisconsin for diversity purposes. Indiana Port Commission v. Bethlehem Steel Corp., 702 F.2d 107, 109 (7th Cir. 1983). In his complaint, plaintiff requests $120,000 in damages.

### B. Defendant's Video Surveillance System

In March 2007, the Dunn County jail was equipped with a motion-activated video surveillance system. There are cameras throughout the jail, including in the pre-booking hallway, pre-booking area, interview rooms, booking area and holding cells. Because the

cameras are motion-activated, the activity level in the area determines how often the camera is recording.

The jail's DVR (Digital Video Recording) system records over previously recorded material unless the previous recorded material is preserved. The more often a camera is activated and recording, the sooner it will record over previous material. Thus, each camera's recordings exist on the DVR system between 20 to 40 days, depending on the camera's activity level.

In general, to preserve recorded material, a person must physically go to the DVR room, search the DVR that is connected to the camera or cameras for the requested area and then make a DVD of the desired material. When searching the DVR, one looks for the proper camera, which is labeled according to the specific area it covers. Each camera is linked to a corresponding recorder and video window. The video window shows a calendar indicating whether the camera made any recordings on a given day. The person clicks the date in question to view the footage recorded on that date. If there is footage for the requested date and time, the person can save the recording on a DVD. When footage is not saved to a DVD, it will be recorded over because the DVR system reuses the hard drive space for new recordings.

### C. Plaintiff's Request for Video Footage

Plaintiff was arrested twice on June 5, 2008. Both times he was booked into the Dunn County jail. Twenty-six days later, on July 1, 2008, he returned to the jail to make an oral request for copies of the video footage from his time in the jail after his arrests on June 5. Plaintiff spoke with Sergeant Greg Moen of the Dunn County Sheriff's Department. Moen had been promoted to sergeant in September 2007 and was trained and authorized to record footage from the jail's DVR system. When plaintiff made his request, Moen believed that the requested footage existed for 30 days, as was the case with footage of the jail pods, and he told plaintiff this. (Defendant attempts to split hairs by saying that Moen "may" have told plaintiff about the 30-day deadline. This is a distinction without a difference. Moen believed that the footage would be recorded over after 30 days and plaintiff asserts that Moen told him this. It is implausible to think that plaintiff made up the 30-day deadline when Moen himself believed that it was the deadline.) Moen told plaintiff that he would look into the request. (The parties dispute whether Moen told plaintiff that he would preserve the tapes that same day and whether Moen told plaintiff that he would call plaintiff that night after preserving the requested footage.)

On July 2, 2008, plaintiff left Moen a voicemail asking about the requested video footage. Moen did not return plaintiff's phone call. On July 3, 2008, plaintiff returned to the jail to speak with Moen about obtaining the video footage. Moen was not on duty that

4

day.  Sergeant Brenda LaForte was the sergeant on duty and she called Moen at home to ask him about plaintiff's request.  LaForte had a message relayed to plaintiff that Moen was aware of the need to retrieve the footage plaintiff requested before it was recorded over but that Moen needed approval from his supervisor, Jail Administrator Barbara Reid, to release the footage.  Moen indicated further that he had not spoken to Reid yet and that she was off duty until the beginning of the following week, July 7, 2008.  Plaintiff was told that Moen would call plaintiff at the beginning of the next week about his request.  Moen did not call plaintiff the next week.

On July 7, 2008, Moen spoke with Reid about whether the video footage plaintiff requested was subject to Wisconsin's open records laws.  Neither Moen or Reid had previously received an outside request for video footage.  Reid was not sure whether the video footage was subject to the open records laws.  She said that the matter should be answered by Dunn County's corporation counsel, Scott Cox.  After speaking with Reid, Moen believed that she would handle all further aspects of plaintiff's records request, including talking to corporation counsel.  (Neither side adduced any facts about Moen's expectations of who would save a copy of the footage from the DVR system.)  Reid believed that Moen had already saved the requested video footage on a DVD and was only consulting her about whether the footage should be released and she believed that Moen would talk to Cox.

5

Throughout July 2008, plaintiff made several calls to Moen about the requested video footage. Believing that Reid was handling plaintiff's request, Moen did not return plaintiff's phone calls. On July 25, 2008, the Dunn County District Attorney's Office called the jail and spoke with correctional officer Owens about plaintiff's requested video footage. Owens relayed the district attorney's inquiry to the jail's sergeants and Reid. Moen responded to the request by explaining that the jail was waiting to hear back from corporation counsel about the protocol for releasing such footage under open records laws. On July 27, 2008, Reid learned that Moen was still waiting for a response from Cox. On July 29, 2008, Reid went to speak with Cox about releasing the footage to plaintiff and discovered that Moen had never spoken to Cox. Reid proceeded to inform Cox about plaintiff's request. Cox explained that Reid could either verbally respond to plaintiff's request or ask that he clarify what footage he wanted through a written request.

On July 30, 2008, Moen called plaintiff and left him a message advising him to submit a written request for the footage he wanted. On August 6, 2008, Moen called plaintiff and told him that he could fax the written request to Reid, which he did on August 7, 2008. After receiving plaintiff's request, sergeant Douglas Ormson searched the DVR for the requested June 5, 2008 footage but found none in the system. On August 12, 2008, Reid wrote to inform plaintiff that the jail's DVR system had recorded over the footage from June 5, 2008 and that no footage from June 5 existed.

6

OPINION

In moving for summary judgment, defendant does not deny that it violated Wisconsin's open records laws. For purposes of summary judgment, I assume that it did. Specifically, I assume that the requested footage was destroyed after plaintiff made his oral request, which violates the following prohibition on record destruction:

> No authority may destroy any record at any time after the receipt of a request for inspection nor copying of the record under sub. (1) until after the request is granted or until at least 60 days after the date that the request is denied . . . .

Wis. Stat. § 19.35(5).

Failure to comply with an open records request comes with consequences. Once a request has been denied, a requester may seek a record through a court action. Wis. Stat. § 19.37. If the requester is successful in proving a violation, he shall be awarded actual damages if the court finds that the authority's failure to comply with open records law was "willful or intentional." Wis. Stat. § 19.37(2)(b). Further, "[i]f a court finds that an authority or legal custodian under s. 19.33 has arbitrarily and capriciously denied or delayed response to a request or charged excessive fees, the court may award punitive damages to the requester." Id. § 19.37(3).

Defendant requests summary judgment on two issues: whether plaintiff is entitled to actual damages and whether he is entitled to punitive damages. The answer depends on whether defendant acted (1) willfully or intentionally and (2) arbitrarily and capriciously,

7

respectively. Defendant contends that at most, its employees acted negligently, not willfully, intentionally or arbitrarily and capriciously, in delaying their response to plaintiff and then denying his request for video footage. However, the undisputed facts make it plausible that a reasonable jury could find otherwise.

Applying open records law to undisputed facts is a question of law. Zellner, at ¶17, 300 Wis. 2d at 299-300, 731 N.W.2d at 244. In this case, the material facts are undisputed. On July 1, 2008, plaintiff verbally sought a copy of video footage of his arrest and booking at the Dunn County jail that had been recorded on June 5, 2008. Plaintiff made his request to sergeant Moen, who was both authorized and trained in saving video footage from the jail's DVR system by searching the system and copying relevant footage to a DVD. Moen believed that any video footage not copied from the DVR system to a DVD within 30 days from when the footage was initially recorded would be destroyed because the DVR system would record over the footage by then. Despite plaintiff's July 1 request and his July 3, 2008 follow-up request, Moen did not search the DVR system or make any DVD of any recorded footage from June 5, 2008. He waited until July 7, 2008, to discuss with Reid whether any video footage relevant to plaintiff's request could be *released* to plaintiff under open records laws. Reid believed that Moen had already saved the requested video footage on a DVD and was consulting her only about the propriety of release of the footage to plaintiff. In early August 2008, after a misunderstanding about who would speak with

8

the Dunn County corporation counsel about whether the footage could be released, a search for any relevant footage from June 5, 2008 revealed that any such footage no longer existed on the jail's DVR system.

Defendant focuses incorrectly on the "misunderstanding" regarding the release of video footage to plaintiff. The misunderstanding or miscommunication between Moen and Reid is immaterial to the denial of plaintiff's request. Regardless of the misunderstanding, plaintiff's request was denied because the record had been destroyed. The proper issue is whether defendant's failure to save the requested video footage was willful, intentional, as well as arbitrary and capricious.

Under Wisconsin law, "'[t]he principal difference between negligent and intentional conduct is the difference in the probability, under the circumstance known to the actor and according to common experience, that a certain consequence or class of consequences will follow from a certain act.'" Matter of Findings of Contempt in State v. Shepard, 189 Wis. 2d 279, 286-88, 525 N.W.2d 764, 767-68 (Ct. App. 1994) (quoting Gouger v. Hardtke, 167 Wis. 2d 504, 512, 482 N.W.2d 84, 88 (1992)). In discussing the intent element of an intentional tort, the Wisconsin Supreme Court has explained as follows:

> The man who fires a bullet into a dense crowd may fervently pray that he will hit no one, but since he must believe and know that he cannot avoid doing so, he intends it. The practical application of this principle has meant that where a reasonable man in the defendant's position would believe that a particular result was substantially certain to follow, he will be dealt with by the jury, or even by the court, as though he

9

had intended it.

Gouger, 167, Wis. 2d at 513-14, 482 N.W.2d at 88 (quoting Pachucki v. Republic Insurance Co., 89 Wis. 2d 703, 711, 278 N.W.2d 898, 902 (1979) (internal quote omitted)). In this case, a jury could find that Moen's failure to act evidences an intent similar to that held by man firing a bullet into a dense crowd. He believed that footage would be destroyed on the DVR system 30 days after the initial recording. (The parties say nothing about when the footage was destroyed. For purposes of summary judgment, I must draw all reasonable inferences in favor of the non-movant, plaintiff. Thus, I assume that the footage was destroyed after plaintiff's request.) The parties do not dispute that on both July 1 and July 3, plaintiff made it clear that he was requesting footage from June 5. Further, on his July 3 visit, plaintiff reiterated the need to obtain the footage before it was recorded over and was told that Moen was aware of the time frame surrounding plaintiff's request. Believing that plaintiff's requested footage would be recorded over in 30 days and knowing that plaintiff was seeking footage recorded 26 days earlier, a reasonable jury could find that any reasonable man in Moen's position would believe that it was substantially certain that the footage would be recorded over unless he took action before July 7, when Moen intended to speak with Reid about releasing the footage.

Moreover, when Moen spoke with Reid on July 7 about releasing the footage, she believed that Moen had already saved the requested footage. Her belief would lend further

10

supports to the conclusion that a reasonable officer would have been substantially certain that the requested June 5 footage would be destroyed by July 5 unless saved to a DVD. Therefore, in light of the evidence, a reasonable jury could find that defendant's destruction of the footage was intentional, entitling plaintiff to actual damages.

Regarding punitive damages, when the facts are undisputed, whether a decision is arbitrary or capricious is a question of law. State ex rel. Young v. Shaw, 165 Wis. 2d 276, 294, 477 N.W.2d 340, 347 (Ct. App. 1991). "A decision is arbitrary and capricious if it lacks a rational basis or results form an unconsidered, willful and irrational choice of conduct." Id.; Eau Claire Press Co. v. Gordon, 176 Wis. 2d 154, 163, 499 N.W.2d 918, 921 (Ct. App. 1993). However, "an inadvertent act cannot be arbitrary and capricious within the meaning of [Wisconsin open records law]." State ex rel. Ledford v. Turcotte, 195 Wis. 2d 244, 252 n.4, 536 N.W.2d 130, 133 n.4 (Ct. App. 1995).

A reasonable jury could find that Moen's decision not to search for plaintiff's footage and save it onto a DVD after plaintiff's request lacked a rational basis. Defendant contends that Moen's actions had a rational basis because he had never handled an open records request from someone not in jail, he did not know if the footage was subject to an open records request and he believed he had to speak with Reid before he could release the footage. However, a jury looking at the circumstances surrounding plaintiff's request could find that Moen's actions lacked a rational basis.

11

Moen believed that footage existed for 30 days and he was authorized and trained to record footage from the DVR system. Moen was aware that plaintiff was requesting footage that was already 26 days old. Instead of searching for and saving the footage, Moen made the irrational choice to wait past the 30-day deadline so that he could speak with Reid about the request. A reasonable jury could find that Moen's choice was not an inadvertent act, such as trying to record the footage to a DVD and mistakenly pushing the erase button instead of the record button. It is undisputed that Moen knew that plaintiff might be entitled to the footage he requested and he believed the footage would be destroyed within 4 days after plaintiff made his request. Despite this knowledge, Moen stood idly by awaiting an opportunity to speak with Reid about how the request should be handled. It would be reasonable to find that such a response was irrational. Therefore, a reasonable jury could find that defendant's destruction of the footage was arbitrary and capricious, entitling plaintiff to punitive damages.

On a final note, defendant addresses allegations in plaintiff's complaint that relate to some possible conspiracy between defendant and the City of Menomonie Police Department. This is a non-issue. Plaintiff was never granted leave to proceed on a conspiracy claim. The only claim in this case is his open records claim.

ORDER

IT IS ORDERED that:

1. Plaintiff Troy Scheffler's motion for leave to file a sur-reply, dkt. #57, is DENIED; and

2. Defendant County of Dunn's motion for partial summary judgment, dkt. #19, is DENIED as well.

Entered this 29th day of September, 2009.

BY THE COURT:

*Barbara B. Crabb*

BARBARA B. CRABB
District Judge

13